Judge Napton
delivered the opinion of the court.
We do not deem it important in this case to determine, whether the professional services rendered by the plaintiff could have been required of him as city attorney or not. That a portion of the cases fell properly within the duty of the city counsellor is quite obvious. However this may be, we are of opinion that the ordinance which prescribes the duties of these officers, designed to secure the services of one or the other of them in every case where legal services were supposed to be necessary. If the language of the ordinance should be thought not sufficiently explicit to attain this purpose, it is however clear, that the mayor has no authority under it to appoint an attorney so as to make the city liable for his fees. The only clause in any section of the ordinance which can possibly be construed to vest such a power in the-mayor, is the third section, which says that “assistant counsel may be employed in any case at the discretion of the mayor or city council.” We apprehend the obvious meaning of this provision is to authorise the mayor, in cases whose importance might suggest the propriety of employing additional counsel to assist the regular city officer, to employ such assistant counsel. The case agreed does not show a state of fact» having any reference to such a contingency.
The services sought to be recovered in this action against the city were rendered by the city attorney, at the suggestion of the mayor, and were either rendered in his capacity of city attorney and therefore remunerated by the salary which the law had fixed, or they were rendered voluntarily at the instance of the mayor, who had no authority to bind the corporation in the case supposed. It cannot he contended, that the general authority which the charter has given to the mayor “to take care that the laws of the State and the ordinances of the city are duly enforced,” could authorize this officer at his discretion to employ independent counsel in any case. Such a latitudinous construction of the *447 charter would put it in the power of that officer to confide any of the official duties of any of the subordinate officers, specially provided for by charter or by ordinance, to such persons as he might select, disregarding entirely the duties and powers incumbent upon such as had been duly elected or appointed to such trusts in conformity to the charter and ordinances of the city.
We are therefore of opinion that the professional services of the plaintiff were either such as the duties of his office' imposed upon him, or if not, that the mayor had no authority to bind the city for the payment of his fees and therefore shall affirm the judgment of the circuit court.