ORTON and another vs. THE STATE.

The state is not liable for services of attorneys who were employed by the school land commissioners, to defend suits brought against them in their official character in the supreme court.

It is the duty of the attorney general to defend such suits against those commissioners, when the interests of the school funds are involved therein, and in case of his sickness or absence, or where he is adversely interested, the governor is required by the statute to employ counsel to act in his stead.

June Term, 1860.

Orton et al.
v.
State.

This action was instituted in this court, by *M. H. Orton* and *Geo. E. Bryant*, under the statute concerning "actions against the state," to recover for services as attorneys in defending certain actions brought against the school land commissioners in this court. The case is stated sufficiently in the opinion of the court.

October 15.

*By the Court,* COLE, J.  This is an action to recover the value of certain legal services alleged to have been performed by the plaintiffs for and on behalf of the state. They state, in substance, in the complaint, that they were employed in the year 1857, by the then school land commissioners, to defend certain suits therein mentioned, commenced and prosecuted against such commissioners in their official character. The attorney general has demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. And we have, therefore, to determine whether the school land commissioners had any authority to employ counsel to defend suits commenced against them, and render the state liable for such services. We have been referred to no provision of law giving them that authority, and we know of none. And the doctrine is well settled that public agents can bind the government only when acting within the scope of their authority. But it was insisted upon the argument, by the counsel for the complainants, that as the school land commissioners were the agents of the state, to sell and dispose of the school and university lands, and to manage the school funds generally, as incident to their general powers and duties over these matters, it was absolutely essential that they should have, and that as a matter of law they *did* have, the power to retain counsel to defend suits commenced against them, and bind the state for such services; and that unless this power were conceded to them, they would either become personally liable for the employment of counsel, or would neglect to make any defense whatever, to the great prejudice of the interests of the state, and of the school funds. We do not think that any of these consequences are likely to follow from our denying the commissioners the power to employ

June Term, 1860.

ORTON et al.
v.
STATE.

counsel and bind the state therefor. The statute makes it the duty of the attorney general to appear for the state, and to prosecute and defend all suits and proceedings, civil or criminal, in the supreme court, in which the state shall be interested or a party; and also, when requested by the governor, or either branch of the legislature, to appear for the people of this state and prosecute or defend, in any other court, or before any officer, in any cause or matter, civil or criminal, in which the people of the state may be a party or interested. Sec. 36, chap. 9, R. S., 1849; R. S., 1858, sec. 50, chap. 10. The attorney general is the law officer of the government, elected for the purpose of prosecuting and defending all suits for or against the state, and it is clearly his duty to defend suits commenced against the school land commissioners, when the interests of the school lands, or school funds, are in any wise involved. Many suits are commenced against the commissioners, which do not at all concern the state, but where the commissioners are made nominal parties to the record to enable private persons to litigate some claim. In such litigation, of course, the people have no sort of interest. But in all suits where the people are interested, it is made the duty of the attorney general to appear and prosecute or defend, as the case may require. And being elected as the law officer of the state, on account of his peculiar fitness and qualifications for the position, we are not to presume that he will not be fully competent to protect and guard the interests and rights of the people.

Furthermore, the legislature have also provided that the governor, whenever he shall receive notice of the commencement of any suit or proceeding between other parties, by which the rights, interests or property of the state shall be liable to be injuriously affected, shall inform the attorney general thereof, and require him to make every legal and equitable defense against such suit or proceeding; and in any such case, or in any suit prosecuted or defended in behalf of the State, if the public interests require, the governor is authorized and required to employ such counsel as he may deem proper, to assist the attorney general, or in case of the sickness or absence of the attorney general, or when he may

June Term,
1860.

RACINE CO. BK.
v.
AYERS.

be interested adversely to the state, to employ counsel to act in his stead. Sec. 2, chap. 9, R. S., 1849; sec. 2, chap. 10, R. S., 1858. These provisions of law clearly show that the legislature did not intend to give the school land commissioners authority to employ counsel for the state. That authority is plainly and distinctly given to another officer of the government, who alone can exercise it, and render the state liable to pay for legal services rendered.

The demurrer to the complaint must be sustained.