## LEONARD VS. ROGAN, impleaded with another.

*Liability of married women—Judgment at law, when equitable relief sought—Waiver of jury—Judgment in equity for sale of land, must provide for redemption.*

1. For services rendered by an attorney to a married woman at her request, in reducing to her possession her separate estate, his action is properly at law.

2. Where a plaintiff asks equitable relief while, upon the facts stated in the complaint, he is entitled only to a judgment at law, the action should not for that reason be dismissed, but (if there is an answer) he may have the judgment appropriate to the case made in the complaint.

3. A party to a civil action who goes to trial before the judge alone, without objection, waives a jury.

4. A judgment in equity directing a sale of specific property of a married woman for the payment of her debts, should provide for a redemption, as in the case of a sale on execution at law.

APPEAL from the Circuit Court for *Jefferson* County.

The complaint in this case (which was against *Sarah Rogan* and her husband) stated that said *Sarah*, in 1858, employed the plaintiff and his then partner, Mr. Williams, to bring an action to set aside a conveyance which she and her husband had made to the Milwaukee and Watertown Railroad Company, of certain real estate which the said *Sarah* owned as her separate estate; that the plaintiff and said Williams, upon the credit of such separate estate, brought said action and prosecuted it to judgment in her favor; that their services were worth $200; that said Williams had assigned his interest in the sum due for said services, to the plaintiff; that said *Sarah* still owned, as her separate property, certain real estate (particularly described); and that notwithstanding the benefit derived by her from said services, she had refused to pay therefor. Demand of judg-

ment that the separate estate of said *Sarah* be charged with the payment of the plaintiff's claim; that the court give such direction as it might deem just, as to the application of said separate estate to such payment; and for general relief. The answer of the defendant *Sarah* denied the material allegations of the complaint, and alleged that said action was brought at the instance of her husband, for his own benefit, and that he receiv- the avails of the litigation. The court found that the plaintiff and said Williams were employed to bring said action by the defendants *Sarah* and her husband jointly, and that the other facts were as stated in the complaint. The judgment was, that certain described real estate, which was the separate property of said *Sarah* at the commencement of the action, or so much thereof as might be necessary, &c., should be sold at public sale by a referee, with the usual directions that the plaintiff's claim be paid out of the proceeds, and that the purchaser be let into possession. *Sarah Rogan* appealed.

*Enos & Hall*, for the appellant.

[No brief on file.]

*J. A. Lovely*, for respondent.

DIXON, C. J.   It was insisted in argument by the counsel for the appellant, *Mrs. Rogan*, that the proofs show that Williams & *Leonard* were employed by *Mr. Rogan* alone, or at least that it was a joint employment on the part of both *Mr.* and *Mrs. Rogan*. We have examined the evidence, and are satisfied of the correctness of the of the finding of the court below upon this point—that Williams & *Leonard* commenced the action at the request of *Mrs. Rogan* as well as that of her husband, and rendered their services as attorneys in the action upon the faith and credit of *Mrs. Rogan's* separate estate.

It was furthermore insisted by the same counsel, that if such was the contract, the action should have been against *Mrs. Rogan* at law, and not in equity, and that this suit must be dismissed. We agree with the counsel in the first part of this

proposition.   We think the contract is one which is obligatory upon *Mrs. Rogan* at law, within the doctrine of *Conway v. Smith*, 13 Wis., 125, and *Todd v. Lee*, 15 Wis., 365.   It would seem to be not only very convenient but especially necessary to the proper use and enjoyment of her separate estate, that a married woman having such estate should have power to contract with an attorney for his services in order to reduce the same or any part of it to her possession, whenever it is wrongfully withheld by another.   It would also seem to be one of the essential attributes of the unqualified dominion given by statute to a married woman over her separate estate, not only that she should be capable of entering into a contract of this nature with reference to such estate, but that such contract should be binding at law.   We think that it is.

But upon the other branch of the proposition we do not agree with the counsel.   It by no means follows, because the plaintiff has demanded relief in equity when he should have asked a judgment at law for damages, that his action must be dismissed.   Judgments at law and relief in equity are now granted by the same judicial tribunals.   The old distinction between legal and equitable remedies is abolished, and the forms of pleadings in all civil actions in courts of record are now the same.   R. S., ch. 125, sec. 1.   Except in cases where there is no answer, the plaintiff is entitled to any relief consistent with the case made by the complaint and embraced within the issue, although it be not the relief specifically demanded. R. S., ch. 132, sec. 29 ; *Emery v. Pease*, 20 N. Y., 64.   If the plaintiff demands relief in equity, when, upon the facts stated, he is only entitled to a judgment at law, or *vice versa*, his action does not, as formerly, fail because of the mistake.   He may still have the judgment appropriate to the case made by the complaint.   This is going, perhaps, somewhat further than this court has heretofore been required to go, but it is no doubt in strict accordance with the letter and spirit of the statutes referred to, and in harmony with the opinion of the highest court

Leonard vs. Rogan, impleaded &c.

in the state of New York upon the same statutes, our legislature having borrowed the provisions from that state.

The only remaining question is as to the mode of trial. In an action at law the defendant is entitled to a trial by jury, and this being such an action, *Mrs. Rogan* is entitled to a trial in that form, unless she has waived it. We are of opinion that she has done so, and that a new trial upon the merits ought not to be granted. It appears from the record that the action proceeded to trial in the court below before the judge alone, without objection; in other words, that the parties consented to that mode of trial. No objections of the kind now urged were taken in the court below. It is a general rule of the practice in appellate courts, that they will not listen to objections not made in the court from which the appeal is taken. An exception to this rule arises upon questions of jurisdiction, but we have seen that this is not such a question. If the defendant had demanded a trial by jury, as she might have done, and it had been denied, the question would have been very different. But as the case now stands, and especially as we are satisfied with the finding of the judge upon the facts, we think that so far the finding should not be disturbed.

We reverse the judgment, and remand the cause with directions that a judgment at law be entered against *Mrs. Rogan* for the sum found due by the circuit judge.

It may not be improper to add that the result would have been the same even though the action had been one in which the plaintiff was entitled to equitable relief instead of a judgment at law. The judgment provides for an absolute sale of *Mrs. Rogan's* real estate. If proper to to be rendered at all, it should have provided for a redemption, the same as that given upon the sale of real estate upon execution at law. See *Second Ward Bank v. Upman*, 12 Wis., 509.

*By the Court.*—Judgment reversed, and the cause remanded with directions as above stated.