## CLOUGH & WHEAT v. CHARLES A. HART, *et al.*

1. COUNTY COMMISSIONERS; *Contract Void; Attorney's Services.* Where a written contract between a county and an individual shows upon its face that it was made by the county for the professional services of the individual as an attorney and counselor-at-law, which services are such as the law requires to be performed by the county attorney, such contract is *prima facie* void.

2. CITY COUNCIL; *Contract Void; Attorney's Services.* Where a written contract between a city of the first class and an individual shows upon its face that it was made by the city for the professional services of the individual as an attorney and counselor-at-law, which services are such as the law requires to be performed by the city attorney, such contract is *prima facie* void.

3. PLEADING—*Sufficiency of Petition.* Where the petition sets forth a contract as a foundation for a decree for the specific performance thereof, and such contract on its face appears to be void, and the petition does not set forth any facts which would show that such contract is not void, such a petition does not state facts sufficient to constitute a cause of action.

4. COUNTY ATTORNEY, AND CITY ATTORNEY. The county attorney derives his authority from as high a source as the county commissioners do theirs. He is elected by the people of the county, and for the county; and he cannot be superseded or ignored by the county commissioners. Nor can the city council of cities of the first class supersede or ignore the attorney elected by the voters of the city to the office of city attorney.

*Error from Leavenworth District Court.*

WM. McN. CLOUGH and L. B. WHEAT, partners as *Clough & Wheat*, attorneys-at-law, brought this suit to compel the specific

performance of two certain contracts, one between Leavenworth county and said C. & W., and the other between Leavenworth city and said C. & W. The contract on the part of the county was made by the board of county commissioners, and that on the part of the city by the city council. Both contracts were for the performance of certain legal services by said C. & W. for the county and city respectively. Plaintiffs alleged performance on their part, and a refusal by the county and city to pay for their services as required by the contracts. The defendants demurred. The case was tried at the March Term, 1869, when the district court sustained the demurrer, holding that the petition did not state facts sufficient to constitute a cause of action, and gave judgment for the defendants and against the plaintiffs for costs. Plaintiffs excepted, and now bring the case here on error for review.

*Clough & Wheat*, plaintiffs in error, *in pro. per.:*

1. The city and county could lawfully employ plaintiffs as attorneys for the purposes designated in the contracts: 9 Bosw., 433, 434; 10 id., 544, 545; 2 Sandf. S. C., 460; 12 Wis., 509, 562; 23 Barb., 370; 33 id., 603; 59 E. C. L., 534. Besides which we refer to the common practice of cities and counties to employ attorneys other than their own officers.

If plaintiffs could not properly assist either the city or county in a suit or proceeding in court, then the contract did not require them to do so—it only required them to perform such services as they properly (that is, lawfully) and reasonably could—and it did require the rendition of all such services. Certainly they could lawfully perform some services as attorneys, in some contingencies, and if so, then of course the contracts could be made.

It is made the duty of the city attorney by himself or deputy to appear and prosecute all cases in the police court arising under the ordinances of the city. There are many courts in which the city attorney could not appear, in his official capacity. He would not, because merely of being city attorney, be authorized to appear in any of the Federal courts, or in any of the

courts in any of the sister states, and probably not in any other court of this state, than the police court.

There are many courts in which county attorneys are not required to be or appear, and in such matter as that contracted about there naturally would be much for attorneys to do which it was not made the duty of either the county or city attorney to perform—and their duties being declared by statute, in accordance with the well known maxim, that "the express mention of one thing implies the exclusion of others," it is not the official duty of course of either of them to perform services other than those mentioned in the statute.

2. This action is against several parties and corporations other than the city and county, and relief is sought against them all, and by means other than enforcing specific performance of the contracts. A demurrer, bad in part, is bad altogether, and must be sustained entirely or fail altogether. And if a petition state a cause of action against one or more of several defendants, a joint demurrer by all or several of the defendants on the ground that the petition does not state facts sufficient, cannot be sustained, if it state a cause of action against any one of those thus jointly demurring. 28 Barb., 251; 1 Kas., 116; Voorhies' Code, p. 259, notes *e* and *f*, and cases there cited.

*E. Stillings* and *T. P. Fenlon*, for defendants in error:

1. The only rights plaintiffs have are by virtue of the alleged contracts with the city and county. Are these contracts legal? The county and city being, the one a political division of the state, the other a municipal corporation, are created and solely controlled by the statute law. The legal business of each is provided for in the law creating them. An officer is to be specially elected by the people, whose sole and exclusive business it is to attend to and transact the legal affairs of each. These officers are to give security for their conduct, and take an oath to faithfully perform the duties of their position, and neither the county commissioners nor the city council has any more power, either with or without the consent of the respec-

31—8TH KAS.

tive attorneys elected by the people, to contract for another person to perform their duties, than either of these officers has to select or appoint an additional county commissioner or member of the city council, or a person to perform or assist in performing the duties of either. It being the duty of the county and city attorney to transact the legal business of county and city, the county and city had no power to make a contract with the plaintiffs for the services mentioned, and for this reason the contracts declared on are void.

2. The contracts alleged are for some undefined services to be rendered by the plaintiffs. But the city and county have no right to so barter away the property owned by them. The law provides for the election of a county attorney, and a city attorney, and prescribes their duties, and compensation. And it was the duty of the respective attorneys of the county and city to render the very services concerning which the contracts were made, and for the regular compensation provided by law.

3. The contracts are champertous and void. The plaintiffs are to defray a part of the expenses and to receive a per cent. equal to three per cent. of the value of what is made, and three per cent. of the subject matter of the litigation. Such contracts will not be enforced. 1 Pick., 415; 9 Metc., 419; 2 Sandf., 141; 7 Porter, 488; 4 Littell, 417; 1 Hoff., 421; 2 Pars. Cont.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to compel the specific performance of two certain contracts, and also for various other kinds of relief not necessary now to mention. One of said contracts was made between the plaintiffs, Clough & Wheat, and the _City_ of Leavenworth, and the other contract was made between the plaintiffs and the _County_ of Leavenworth. The plaintiffs make the City of Leavenworth, the County of Leavenworth, the Missouri River Railroad Company, the Leavenworth, Atchison, and Northwestern Railroad Company, and the thirty-six individual persons named in the title of the case, parties defendant; and while the plaintiffs ask relief against all the

defendants, yet their whole case depends upon the specific enforcement of the said contracts.

The first and principal question for us to consider is whether these contracts were valid or not. The defendants raised the question of their validity in the court below by demurring to the plaintiffs' petition. The court below sustained the demurrer. The plaintiffs alleged in their petition that " On the 16th of November, 1868, the county of Leavenworth aforesaid, of the one part, at and with the consent of the county attorney of said county, made and entered into a certain written contract of that date, with these plaintiffs, partners as aforesaid, of the other part, of which written contract the following is a copy, to wit:

" This article of agreement, made and entered into this 16th of November, 1868, by and between Clough & Wheat of the one part, and the county of Leavenworth of the other part, witnesseth: That whereas the county of Leavenworth has $250,000 of the capital stock of the Missouri River Railroad Company, and as such stockholder claims certain rights against said Railroad Company, and those persons who claim to manage the same; also, against those persons who claim to have purchased that tract of land lately known as the ' Diminished Delaware Reserve,' under a treaty with the Delaware Indians, and the said county is desirous of employing said Clough & Wheat as attorneys to render such assistance in enforcing such claims as they properly and reasonably can: Now, for that purpose, the county of Leavenworth, in the State of Kansas, hereby undertakes and promises to and with said Clough & Wheat to pay them the sum of $2,500—$1,250 thereof now—$625 thereof one year from this date, and $625 thereof two years from this date. If the litigation ends at any time within such two years then immediately all of said $2,500 then unpaid shall be due and paid immediately. And for the same consideration said county hereby undertakes and promises to and with said Clough & Wheat to pay them for such services the value of three per cent. of all the said county has or may obtain as such stockholder as aforesaid, and to assign and transfer three per cent. in amount of all the stock it has in said Company to said Clough & Wheat, when thereto requested. And the said Clough & Wheat on their part undertake and promise to and with said county to perform such services as those above mentioned for the consideration aforesaid. It is understood and agreed by and between the parties hereto, that the county of Leavenworth

will pay one-half of all traveling expenses, including fare, and all hotel and printing bills, by said.Clough & Wheat necessarily or properly incurred or paid, in, about, or in consequence of attending to any of the matters aforesaid, or any suits or proceedings in relation thereto.

"In testimony whereof the parties aforesaid have hereunto subscribed their names, the said Clough & Wheat in their own proper persons, and the county of Leavenworth by its agent, attested by the clerk of said county, and the seal thereof." (Signed and attested in duplicate.)

"And that the said county then had and owned $250,000 paid-up stock in and to the capital stock of the Missouri River Railroad Company. And said plaintiffs further aver that they have duly performed all the conditions of said contract on their part; and that on the 7th of December, 1868, these plaintiffs requested the county of Leavenworth aforesaid to assign and transfer three per cent. of the stock by it owned and mentioned in said contract to these plaintiffs, but said county then neglected and refused so to do. And plaintiffs further aver that the several defendants herein knew and had notice of the making of the contract aforesaid, at the times when the same were respectively made, and from thence hitherto."

The allegations of the petition with respect to the contract made with the City of Leavenworth are almost exactly the same as those with regard to the contract made with the County, and hence it is not necessary for us to repeat them. The two contracts are in form identical. That, however, made with the city is dated October 20th, 1868. These contracts in our opinion are void; or rather they appear upon their face to be void, and there is no allegation in the petition that shows them to be otherwise than void. The county and city of Leavenworth attempt by these contracts to employ the plaintiffs to perform precisely what it is the duty, under the law, of the county and city attorneys respectively to perform. They completely ignore the law. We have examined all the authorities referred to by counsel for both plaintiffs and defendants, to-wit: 9 Bosw., 433, 434; 10 Bosw., 544, 545; 2 Sandf., S. C., 460; 23 Barb., 370; 33 Barb., 603; 59 E. C. L., 534; 12 Wis., 509, 512; 17 Iowa, 413; 11 Ohio St., 190. And we have also exam-

ined the following other authorities not referred to by counsel, to wit: *Smith v. Mayor of Sacramento*, 13 Cal., 531; *Hornblower v. Duden*, 35 Cal., 664; *Parker v. Williamsburg*, 13 How. Pr., 250; *Carroll v. St. Louis*, 12 Mo., 444. Scarcely one of these authorities is applicable under our statutes, and to the particular case at bar. While the language of some of the decisions would seem to cover this case, yet the precise question involved in this case was not before the courts rendering such decisions. The cases of *Carroll v. St. Louis*, 12 Mo., 444, and *Orton v. The State*, 12 Wis., 509, are as near applicable as any of them.

Before proceeding further we would say that it will be admitted that a county is a corporation, or at least a *quasi* corporation, and as such can in any case employ counsel if no counsel had otherwise been provided for them by law. It will even be admitted for the purposes of this argument that in states where no county attorney is elected, but where a district attorney is elected for several counties whose principal duty is to attend to *state cases* (to prosecute criminal actions,) in his district, but whose duty it also is secondarily to appear and prosecute or defend for the several counties within his district, such counties are not bound to depend upon such district attorney but may employ counsel of their own to take more especial care of the interests of the county. It will also be admitted that in any case other counsel than the county attorney may appear and prosecute or defend for a county under or for the county attorney, or to assist him, looking of course to the county attorney if to any one, for compensation. It will also be admitted that a county may employ other counsel to perform such of its legal business as the law does not authorize or require the county attorney to perform; and that there may be such business, will not be denied. And it will also be admitted that a county may with the consent of the county attorney employ such assistance for the county attorney as the county attorney may *actually need*. It is possible that there may be other cases where a county may employ other

counsel than the county attorney, but we now cannot conceive of any other.

. The county attorney is elected by the people of the county and for the county: Gen. Stat., 283, § 135. He is the counsel for the county, and cannot be superseded or ignored by the county commissioners. His retainer and employment is from higher authority than the county commissioners. The employment of a general attorney for the county is not by the law put into the hands of the county commissioners, but is put into the hands of the people themselves. The county attorney derives his authority from as high a source as the county commissioners do theirs, and it would be about as reasonable to say that the county attorney could employ another board of commissioners to transact the ordinary business of the county as it is to say that the county commissioners can employ another attorney to transact the ordinary legal business of the county. Both would be absurd. It is the duty of the county attorney to give legal advice to the county commissioners, and not theirs to furnish legal advice to or for him. Some of the provisions of the statutes (Gen. Stat., 284 to 285,) relating to the county attorney are as follows:

"Sec. 136. It shall be the duty of the county attorney to appear in the several courts of their respective counties and prosecute or defend, on behalf of the people, all suits, applications, or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested.

"Sec. 137. Each county attorney shall * * * also prosecute all civil suits before such magistrate" (any magistrate of his county) "in which the county is a party or interested.

"Sec. 138. The county attorney shall without fee or reward give opinions and advice to the board of county commissioners, and other civil officers of their respective counties, when requested by such board or officers, upon all matters in which the county is interested, or relating to the duties of such board of officers, in which the state or county may have an interest.

"Sec. 139. The county attorney of the several counties of this state shall be allowed by the board of county commissioners, as compensation for their services, a salary as follows: * * * In counties of over twenty-four thousand inhabitants not more

than three thousand dollars. * * * * County attorneys shall be allowed ten per cent. on all moneys collected by them in favor of the state or county. * * *

"SEC. 140. No county attorney shall receive any fee or reward from or on behalf of any prosecutor or other individual, except such as are allowed by law for services in any prosecution or business to which it shall be his official duty to attend, nor be concerned as attorney or counsel for either party, other than the state or county, in any civil action depending upon the same state of facts upon which any criminal prosecution commenced but undetermined shall depend. * * *

"SEC. 141. The county attorney may appoint a deputy who shall perform all the duties of such county attorney during his absence or sickness.

"SEC. 142. In the absence, sickness, or disability of both the county attorney and his deputy, any court before whom it is his duty to appear may appoint an attorney to act as county attorney by order to be entered upon the minutes of the court."

What we have said with reference to county attorneys will also apply to city attorneys. The statutes relating to city attorneys will be found in the General Statutes p. 131, § 11, p. 145, § 71, p. 152, §110, clause 7th. The city attorney of Leavenworth City receives by law the sum of $1,800 per annum for his services for the city; and while the city council have no power at all to supersede him as they have attempted to do in this case, they cannot even make an additional allowance for assistant counsel unless concurred in by three-fourths of the members elected to the council: Gen. Stat., 152, §110, clause 7th.

From the foregoing we think it necessarily follows, that where a written contract between a county and an individual shows upon its face that it was made by the county for the professional services of the individual as an attorney and counselor-at-law, which services are such as the law requires to be performed by the county attorney such contract is *prima facie* void. That where a written contract between a city of the first class and an individual shows upon its face that it was made by the city for the professional services of the individual as an attorney and counselor-at-law which services are such as the law

requires to be performed by the city attorney, such contract is *prima facie* void: And where the petition of the plaintiff sets forth such a contract as mentioned above as a foundation for a decree for the specific performance of such contract, but does not set forth any facts which would show that such contract is not void, such petition does not state facts sufficient to constitute a cause of action.

We suppose it will be conceded that as a rule where a contract appears to be void upon its face if there should be any facts outside of the contract which would render the contract valid such facts should be set forth in the pleading of the party claiming the contract to be valid. So in this case, as the contracts declared upon appear to be void, it will devolve upon the plaintiffs to set forth in their petition such facts, if there be any such, as will render the contracts valid. The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case..