WATERS, CHASE & TILLOTSON v. H. T. TROVILLO, as *Chairman of the Board of Commissioners of Wichita County, et al.*

COUNTY BOARD—*Void Contract with Attorneys.* A contract made by the board of county commissioners, for the county, with attorneys at law, for their services as such, which services are such as the law requires the county attorney to perform, is *ultra vires* and void.

*Original Proceeding in Mandamus.*

THE opinion, filed October 10, 1891, contains a sufficient statement of the case.

*Waters, Chase & Tillotson,* plaintiffs, for themselves.

*W. B. Washington,* county attorney, and *A. P. Barker,* for defendants.

Opinion by STRANG, C.: This is a proceeding in *mandamus* to compel the chairman of the board of county commissioners and the county clerk of Wichita county to issue to

the plaintiffs the warrant of said county in the sum of $6,000. The plaintiffs claim they entered into the following contract with the commissioners of Wichita county:

"THIS CONTRACT, Entered into this 5th day of September, 1888, by and between Waters, Chase & Tillotson, attorneys at law, of Topeka, Kas., parties of the first part, and the board of county commissioners of Wichita county, Kansas, parties of the second part, witnesseth: That the parties of the first part, for the consideration hereinafter named, are to take and prosecute such legal proceedings as may be necessary to relieve the said Wichita county of any obligations that may have been incurred on account of an attempt heretofore made by the commissioners of said county to subscribe $80,000 to the capital stock of the Chicago, Kansas & Western Railroad Company, and also an attempt to subscribe $55,000 to the capital stock of the Denver, Memphis & Atlantic Railroad Company, whereby it is claimed that said Wichita county should execute and deliver to said railroad companies the bonds of Wichita county for the amount so attempted to be subscribed; that in consideration of the services above set forth, the parties of the second part agree to pay to the parties of the first part all their necessary traveling expenses incurred in such service, and $30,000, payable as follows: A retainer fee of $6,000, to be paid at the regular meeting of the board of county commissioners of Wichita county in October; and $12,000 when the courts finally decide that Wichita county is not liable on the attempted subscription to the capital stock of the Chicago, Kansas & Western Railroad Company; and $12,000 when the courts finally decide that Wichita county is not liable on the attempted subscription to the capital stock of the Denver, Memphis & Atlantic Railroad Company.

"Done this 5th day of September, 1888, in the city of Leoti, Wichita county, Kansas.

(Signed)

WATERS, CHASE & TILLOTSON.

H. T. TROVILLO, *Chairman,*  
W. S. TEMPLE,           } *County Commissioners of Wichita County.*  
CHAS. SINN,

"Order to be made record of on commissioners' journal.

H. T. TROVILLO, *Chairman.*"

That afterward, on October 1, 1888, the board of county commissioners in session allowed the claim of the plaintiffs in

the sum of $6,000, that being the amount to be paid down on said contract as a retainer fee, and directed the clerk and chairman of the county board to issue the warrant of the county to the plaintiffs for that amount.    The affidavit for the order of *mandamus* alleges that the said chairman and clerk refuse to issue said warrant, and plaintiffs ask this court, by its order, to require them to do so.    The chairman of said board, answering, says he is ready to sign the warrant whenever prepared by the clerk of the board.    The clerk answers and says, first, that the alleged contract is void because it was never made by the board of county commissioners, but was signed by the several commissioners each in the absence of the others, when not in session, and denies that the board ever ratified said contract; and, second, that said contract is void because the board of county commissioners had no power to make it.    Counsel for the defendant clerk also says in his brief that the claim of the plaintiffs must be enforced by an action, and not by a proceeding in *mandamus*.

The briefs in this case show some misunderstanding between counsel as to what was introduced in evidence on the hearing of this case.    It is the recollection of the commissioners that the county clerk produced and read in evidence the record of the board of county commissioners at their January, 1889, session, or so much of it as related to plaintiffs' claim, which record showed that the board, at its January session, reconsidered the action of the board at the former October session, in allowing the claim of the plaintiffs, and rejected said claim. This evidence would probably show, as was argued by counsel for the plaintiffs, a ratification by the board of commissioners, at the October meeting, of the contract made by the commissioners individually September 5, 1888, by the allowance at that time of the plaintiffs' claim for $6,000, provided for by said contract.    Upon the theory, then, that the record was introduced, the case occupies in law exactly the position plaintiffs claim it occupies in fact by agreement, so that the misunderstanding as to the evidence is not material; for if the evidence was introduced, and showed among other things

a ratification of the contract, it is the same in law as though it was agreed upon the trial of the case that the contract was ratified, as in either event the case turns upon the same question, to wit: Did the commissioners have power to make the contract in the case, or was the making of said contract *ultra vires*, and the contract itself void?

This case was before this court on a motion to quash the return of H. A. Platt, the county clerk, March 9, 1889. The question raised by that motion was practically identical with the question before the court now. The court denied the motion to quash at that time, in the following brief opinion: "Upon the authority of *Clough* v. *Hart*, 8 Kas. 487, the motion to quash will be denied." The consideration named in the contract under which the plaintiffs claim, for which the $6,000 was to be paid, is legal services to be performed by the plaintiffs. There is nothing in the contract that shows whether such services were to be performed in the courts of Wichita county, or elsewhere. But as the contract was made in Wichita county, and simply provides for legal services for the county, without showing that such services are to be performed outside of Wichita county, the fair presumption is that they were to be performed within the county, and this presumption is supported by the fact that the legal services actually performed by the plaintiffs under the contract consisted in bringing certain suits in the district court of Wichita county. The law provides an officer whose duty it is to conduct legal proceedings in behalf of the several counties of Kansas, in the persons of the county attorneys of said counties. This court, in the case of *Clough* v. *Hart*, supra, used the following language:

"Where a written contract between a county and an individual shows upon its face that it was made by the county for the professional services of the individual as an attorney or counselor at law, which services are such as the law requires to be performed by the county attorney, such contract is *prima facie* void."

We think the contract in this case falls within the rule laid

down in that case, and that the writ now prayed for should be refused, upon the law of that case. (See also, *Morrill v. Douglass*, 14 Kas. 294.)

We recommend that the writ be refused.

By the Court: It is so ordered.

All the Justices concurring.