THE BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY v THOMAS S. JONES.

1. ERROR—*Sufficient Assignment of.* An assignment of error based on the action of the court in overruling a motion for new trial. which averred that the judgment of the court was contrary to law. is sufficient to require the supreme court to review the question as to whether or not the law sustains the judgment which was rendered upon the facts of the case

2. COUNTY COMMISSIONERS—*Employment of Attorney Void.* The Statutes of the Territory make it the duty of the attorney general to appear and prosecute and defend all civil and criminal cases in which the Territory is interested as a party, in the supreme court, and the employment by the county commissioners of an attorney-at-law, in a criminal case of the Territory against an individual, appealed to the supreme court, is absolutely void, and the attorney can collect no compensation for his services.

*Error from the District Court of Logan County.*

Thomas S. Jones filed his claim before the board of county commissioners of Logan county to recover the sum of two hundred and fifty dollars, for services rendered by him for the county. The claim being rejected by the commissioners, he appealed to the district court of that county, where, upon trial before the court, he was given a judgment of two hundred and fifty dollars and the costs, and the county brings the case here for review.

The general finding in favor of the plaintiff below, which settled the facts upon the evidence, and about which, indeed, there is very little dispute, gives us these facts:

During the year 1892, Thomas S. Jones was county attorney for Logan county, and as such successfully prosecuted the criminal case of *The Territory of Oklahoma v. Ira N. Terrill.* From the judgment Terrill appealed to the supreme court. At the election of 1892 A. H. Huston was elected to succeed Jones as county

attorney, and Huston expressed a willingness, or perhaps suggested, that Jones appear in the Terrill criminal case in the supreme court. The matter was brought to the attention of the county commissioners, and they expressed satisfaction that Mr. Jones appear in the cause in the supreme court. Jones did appear there, and filed a motion to dismiss the appeal, which was sustained and the appeal dismissed. There was no dispute in the evidence upon the question of the reasonableness of the sum allowed by the court for the services. Reversed.

*Huston & Huston*, for plaintiff in error.

*Jones & Devereux*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: One of the plaintiff's assignments of error is "that the court below erred in overruling plaintiff in error's motion for new trial." This, we have already held in the case of *Richardson, Adm. v. Mackay*, decided at the present term of the court, (p. 328 this volume,) was sufficient to bring up for review the action of the court in overruling a motion for new trial. One of the grounds of the motion for new trial is that the judgment is contrary to law. It is strenuously contended by defendant in error that this statement in the motion for new trial is too indefinite, and that the matters presented to this court upon the merits of the case should, therefore, not be considered.

By express statutory provision one of the grounds of a motion for new trial is that the decision of the court is contrary to law; and where the statute has expressly provided that such ground of a motion is sufficient to again call the attention of the trial court to its action, it seems to us that it ought to be sufficient also to entitle

the party to a review of the cause by the supreme court. We need not, however, rest the matter entirely upon the statute, for the supreme court of Kansas has expressly determined the question in the case of *DaLee v. Blackburn*, 11 Kansas, 190, which we have already cited in the case of *Richardson v. Mackay*, above referred to. In that case, in the supreme court of Kansas, the ground for the motion for new trial was "for error of law occurring at the trial and excepted to by the defendant." That ground was also, by the Kansas statute, one of the grounds for a motion for a new trial, and the general language there used was held to be sufficient to present all of the rulings of the court made during the trial and excepted to by the defendant. The principle of that case is fully applicable to this. Furthermore, neither a motion for a new trial nor a petition in error is intended to be a brief. The grounds are stated in those. The points and discussions are stated at length in the brief. This disposes of the only objection to the consideration of the case on the merits.

Giving to the case, for the purpose of considering the question of law raised, the aspect of an implied contract between the claimant Jones and the commissioners of Logan county that he should appear and perform the duties of an attorney in the Terrill case in the supreme court, was this contract valid?

The Statute, § 1705, provides that it is the duty of the county attorney to appear in the district court of his county and prosecute and defend, on behalf of the Territory and his county, all civil and criminal cases in which the Territory or his county is interested or a party; and it is the duty of the county attorney to appear in and prosecute or defend, as the case may be, in the county to which such a cause is taken on change of venue.

By § 5961 it is provided :

" There shall be in and for the Territory of Oklahoma an attorney general who shall be appointed by the governor, by and with the consent of the legislative council, who shall hold his office two years and until his successor is appointed and qualified. He shall be a member of the territorial board of equalization. He shall appear for the Territory and prosecute and defend all actions and proceedings, civil or criminal, in the supreme court in which the Territory shall be interested as a party." * * * * *

By these statutes the legislature has made ample provision for an attorney for both the county, and, in fact, each and every county, and the Territory. It is the duty of the county attorney to perform all legal services for the county and Territory within his county, and in cases in which the Territory or county is interested which have been taken from his county on change of venue. It is the duty of the attorney general to prosecute and defend all cases, civil and criminal, in the supreme court, where the Territory is interested as a party.

The legislature has given to the county commissioners no authority whatever to employ any other attorney than the one who is employed by law to represent the public interests, and a contract made for such purpose is *ultra vires* and void.

No authority whatever is cited by defendant in error which supports his claim that his contract made with the ·county commissioners of Logan county, if one was made, as we have assumed for the purposes of this case, is valid. The authorities applicable to the case clearly show that it is void.

In the case of *Clough & Wheat v. Hart*, 8 Kan. 487, Clough & Wheat had made a contract to represent, as attorneys, the county of Leavenworth and the city of

Leavenworth, in cases which arose from the issuance to the county of Leavenworth of two hundred and fifty thousand dollars of capital stock of the Missouri River Railroad company, and also involved litigation concerning the rights of persons who claimed to have purchased a tract of land known as the "Diminished Delaware reserve" under a treaty with the Delaware Indians. The supreme court, in that case, held the contract *prima facie* void, and said :

"The county attorney is elected by the people of the county and for the county. (Gen. Stat. pp 283, 135.) He is the counsel for the county, and cannot be superceded or ignored by the county commissioners. His retainer and employment is from higher authority than the county commissioners. The employment of a general attorney for the county is not by the law put into the hands of the county commissioners, but is by the law put into the hands of the people themselves. The county attorney derives his authority from as high a source as the county commissioners do theirs, and it would be about as reasonable to say that the county attorney could employ another board of commissioners to transact the ordinary business of the county as it is to say that the county commissioners can employ another attorney to transact the ordinary legal business of the county. Both would be absurd. It is the duty of the county attorney to give legal advice to the county commissioners, and not theirs to furnish legal advice to or for him."

The case of *Thacher & Stevens v. Commissioners of Jefferson County*, 13 Kan. 182, did not in any way overrule, or lessen the force of, the decision in the case of *Clough & Wheat v. Hart*. In the former case, where the supreme court held the contract valid, the attorney's services were rendered in a case in the supreme court, and the law of Kansas did not make it the duty of the county attorney to represent the county in the supreme court; and as it was necessary for the county to have

counsel to defend them in the supreme court, the employment was held valid. The plaintiffs recovered squarely upon the proposition that the law had not provided for an attorney to represent the county in cases brought against it in the supreme court, and the commissioners of the county therefore had the power to make an employment for that purpose.

In the late case of *Waters v. Trovillo*, 27 Pac. 822, the supreme court of Kansas, in its decision written by Strang, commissioner, approved its former holding in *Clough & Wheat v. Hart*, and held :

" A contract made by the board of county commissioners, for the county, with attorneys at law, for their services as such, which services are such as the law requires the county attorney to perform, is *ultra vires* and void."

Our conclusions are fully supported also by the decision of the supreme court of Nebraska in the case of *Brome v. Cuming County*, reported in the 47 Northwestern, 1050, where the court used this language :

"The legislature has made ample provision for protecting the interests of the county and state by furnishing proper legal counsel. The statute having pointed out the mode of procuring counsel for the county, it is exclusive of all others.

" The services rendered by the plaintiff in error for which he claims compensation in this case are precisely what the law required the county attorney to perform. The employment was without authority of law, and no recovery can be had."

This Nebraska case more fully meets our approval in the direct and positive language used than the Kansas cases, for it omits any question of the necessity of the services, where the same is not connected with the disability of the attorney provided by law.

It was the duty of the attorney general to represent the Territory in its case against Terrill in the supreme court, and the county commissioners had no power to employ other counsel to either supersede or assist him. There, of course, is nothing to prevent a county attorney from assisting the attorney general in resisting an appeal to the supreme court from a judgment in a criminal case; that, in fact, is the very usual practice, and it is a very good practice. The honest and commendable pride of a county attorney in supporting his conduct, of a case in the trial court, and his patriotic and professional loyalty to the rigid and rapid enforcement of the criminal statutes, however, are his only compensation for such services.

The judgment of the district court must be reversed, and the cause remanded with directions to proceed with the cause in accordance with this opinion.

Dale, C. J., who presided in the court below not sitting; all the other Justices concurring.