## COUNTY COMMISSIONERS WITHOUT AUTHORITY TO EMPLOY SPECIAL COUNSEL.

Common Pleas Court of Hamilton County.

STATE OF OHIO, EX REL HENRY T. HUNT, v. BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, ET AL.[*]

Decided, March, 1909.

*Scope of the Power of Public Officials—Can not be Exceeded in Furtherance of Public Interests—Remedy in Case of Incompetence or Refusal to Act—History of Legislation with Reference to County Commissioners—Legal Advisor and Legal Counsel Distinguished—Word "Officer" Includes Officers and Board, When—Saving Clause as to Township Trustees—Construction of Sections 845 and 1274.*

1. In the absence of any statutory provision either express or implied, other persons can not be legally employed and paid out of the public treasury to perform the duties of an officer provided by law, unless such officer refuses to act or becomes adversely interested.
2. County commissioners are without power to make a contract for the employment of special counsel to represent the board in particular litigation, notwithstanding such a contract would be in furtherance of the interests of the county.

*Alfred Bettman* and *Stanley W. Merrell*, for the demurrer.
*Frank F. Dinsmore*, contra.

HUNT, J.

The petition alleges that the relator is the duly elected, qualified and acting prosecuting attorney of Hamilton county, Ohio; that the defendants, Stanley Struble, William J. Tanner and Walter L. Comer, constitute the board of county commissioners of said county; that on the 2d day of February, 1909, said county commissioners entered into a pretended contract with the defendants, Louis A. Ireton and Walter M. Schoenle, by the terms of which said Ireton and Schoenle were employed as special counsel and attorneys for the county commissioners in the case

[*] Affirmed by the Circuit Court; reported, *Ireton et al v. Hunt et al*, 12 C. C.—N. S., ——.

of *Eberhardt* v. *the County Commissioners,* number 129233 on the docket of the Court of Common Pleas of Hamilton County, at a compensation of $1,500 plus five per cent. of the amount which might be saved the county in that case off of $87,956.68, for which said Eberhardt had brought suit; that said suit arose out of a contract between the county commissioners and Eberhardt relating to a county road; that said defendants, Ireton and Schoenle, accepted said appointment, and that the defendants are about to carry said contract into effect and pay from public funds of the county the compensation specified in said contract. Plaintiff further says that the payment of said compensation under said pretended contract would be a misapplication of public funds. Plaintiff asks for an injunction restraining the defendants from carrying out said contract or paying out any moneys of the county under said contract.

The county commissioners filed their joint answer to the petition and the defendants, Louis A. Ireton and William M. Schoenle filed their joint answer. Such answers in substance admit the official position of the relator, the making of the contract as alleged, the pendency of the suit of Eberhardt v. the County, and allege further that said suit of Eberhardt v. the County is pending before a referee; that the defendants, Ireton and Schoenle, up to the time of the entering into office of the relator on the first of January, 1909, were in charge of said suit; that a large amount of evidence had been heard by the referee, and that the case involves such amount of evidence and detail as would make it impossible for new counsel unacquainted with the facts to take up the case at this point; that said referee, Robert C. Pugh, appeared before the county commissioners and stated that in his judgment it was to the best interests of the county to continue said Ireton and Schoenle as attorneys of the county commissioners, and requested the board of county commissioners to continue the services of said attorneys. Defendants further allege that in pursuance of said request the county commissioners entered into said contract described in the petition.

To these answers the plaintiff demurs.

Public officials, such as county commissioners, have no power except such as is expressly given or necessarily implied from the powers expressly given. Where ' they are given the power to sue or to be sued, or required to sue in their official capacity, inasmuch as in so doing legal counsel is ordinarily if not always necessary, by necessary implication they have the right to be represented by legal counsel and have a right to pay such counsel from any funds not otherwise appropriated, from which they are authorized to pay the general expenses of their administration, in the same manner and subject to the same conditions as such general expenses are paid.

Where, however, an officer is provided by law and charged with specific duties, to-wit, duties of legal counsel for which he is paid from public funds, it is clearly well settled that in the absence of express authority so to do other persons cannot under any implied powers be paid from public funds for performing such duties. The reason for such limitation of the implied power of employment would not exist in cases where the legal counsel so provided by law refused to act, or became adversely interested, and such limitation, the reason therefor failing, would not be applicable to such cases.

These principles are elementary. The right of the county commissioners to make the contract of compensation in question in this case must, therefore, be found in the statutes either as expressly given or as existing by necessary implication from express grants of power. If any public officer is charged by the statutes with the duty of performing the service for which Messrs. Ireton and Schoenle were employed in this case, then no matter how advantageous such employment might be to the county, Messrs. Ireton and Schoenle can not be paid for their services from public funds. If there is such public officer so charged and so paid and such officer is in any respect incompetent, the remedies are political and legislative, but not judicial.

While such propositions are elementary, nevertheless, the following authorities might be cited in support thereof.: *Commissioners of Mahoning County v. Railway Company*, 45 Ohio St., 401-403; *State, ex rel*, v. *Gerke*, 26 Ohio St., 364; *State*,

*ex rel,* v. *Taylor,* 3 N. P.—N. S., 505; *Page on Contracts, Volume* 2, Section 1015; *Smith on Municipal Corporations,* Section 679; *Ramson* v. *The Mayor, etc.,* 24 Barb. 226; *Clough and Wheat* v. *Hart et al,* 8 Kas., 487; *Frederick* v. *Douglas County,* 96 Wis., 411; *Brome.* v. *Cuming County,* 31 Neb., 362; *Waters et al* v. *Trovillo,* 47 Kas., 197; *Commissioners* v. *Jones,* 4 Okla., 341.

The right of an official, who is a party to a suit in his official capacity, to employ legal counsel at his own expense is not involved in this case, as the employment contemplated in this case is to be at the expense of public funds. An official may probably prosecute or defend in person and ignore the legal counsel which the law provides for him, and may possibly have a constitutional right to be represented by counsel of his own selection so long as the public is not called upon to pay therefor, but the exercise of no such rights is sought to be enjoined in this case.

What are the statutes applicable to legal counsel for county commissioners?

An examination of the acts pertaining to the county solicitor, consisting of the act of March 13, 1872, 69 v. 40, Section 9; Section 1001 of the revision of 1880; the amendments of March 26, 1880, 77 v. 87; April 14, 1884, 81 v. 193, and April 19, 1893, 90 O. L., 225, and the repeal of all such legislation on April 22, 1904, 97 v. 306, in the act amending Section 845, shows that such acts and amendments thereof may be dismissed from further consideration. Such legislation was engrafted as an exception to acts of a general nature, and having been repealed, leave the sections of a general nature to be construed as if there had been no such exceptions.

The acts of March 8, 1893, 90 v. 67 now repealed, was by its terms applicable only to actions in the federal courts, and Section 2862, Revised Statutes, originating in Section 58 of the act of April 5, 1859, 56 v. 175, as amended April 11, 1876, 73 v. 204, is applicable only to suits commenced against county treasurers or other county officers for performance or attempted performance of duty in the collection of revenue, and may likewise be dismissed from consideration as inapplicable to the

present case by their express terms. Although the powers as given in said last mentioned section are not applicable to the present case, their exercise would probably be limited by the subsequent amendment of Section 1274. This case must, therefore, be decided in accordance with such construction as may be given to Sections 845 and 1274.

The legislative history of statutes is instructive as to the evolution of legislative intent.

The history of Section 845 during such time as can possibly pertain to the present case is as follows:

March 12, 1853, 51 v. 422, Section 7, the county commissioners were authorized to sue and be sued, and were required to demand and recover by suit or otherwise, money or property due the county. (There was no express provision for the employment of legal counsel.)

March 30, 1868, 65 v. 35, amendment immaterial.

April 27, 1877, 74 v. 133, amendment expressly authorizes county commissioners to employ legal counsel.

The revision of 1880, Section 845, amendment limits legal counsel to two and limits compensation thereof to $250 in any one case.

April 8, 1881, 78 v. 120, amendment immaterial.

April 13,, 1894, 91 v. 142, amendment immaterial.

April 22, 1904, 97 v. 304, amendment provides for the employment of clerk, engineer, etc., and legal counsel who shall be the legal adviser of county commissioners and other county officers, and shall prosecute and defend all suits to which the commissioners or county officers are parties, and perform the duties of prosecuting attorneys provided in Sections 799, 1277, 1278a and 3977. (No reference to 1274.)

May 9, 1908, 99 v. 337, amendment provides that "upon written request of the prosecuting attorney legal counsel may be employed" with same duties as above.

As so amended, Section 845 is now in force as follows:

"The board of county commissioners shall be capable of suing and being sued, pleading and being impleaded, in any court of judicature; and of bringing, maintaining and defending all suits either in law or in equity involving," etc.    *    *    *

"[Legal counsel.] Whenever upon the written request of the prosecuting attorney, the board of county commissioners of any county deems it advisable, it may employ legal counsel and the necessary assistants upon such terms as it may deem for the best interests of the county, for the performance of the duties herein enumerated. Such counsel shall be the legal adviser of the board of county commissioners and of all other county officers, of the annual county board of equalization, the decennial county board of equalization, the decennial county board of revision, and the board of review; and any of said boards' and officers may require of him written opinions or instructions in any matters connected with their official duties. He shall prosecute and defend all suits and actions, which any of the board above named may direct, or, to which it or any of said officers may be a party, and shall also perform such duties and services as are now required to be performed by prosecuting attorneys under Sections 799, 1277, 1278a and 3977 of the Revised Statutes, and as may at any time be required by said board of county commissioners."

The history of Section 1274 is as follows:

Prior to 1880, there was no statute making the prosecuting attorney either legal adviser or legal counsel of county officers.

The revision of 1880, Section 1274: The prosecuting attorney was made the legal adviser of county commissioners and other county officers and his compensation therefor was provided.

March 31, 1906, 98 v. 160, amendment—Prosecuting attorney shall be the legal adviser, etc., and shall perform the duties of legal counsel under Section 845, and "no county or township officer shall have authority to employ any other counsel or attorney at law at the expense of the county, except," etc.

As so amended Section 1274 is now in force as follows:

"Section 1274. The prosecuting attorney shall be the legal adviser of the county commissioners and all other county officers and any and all of them may require of him written opinions or instructions in any matters connected with their official duties; he shall also perform all duties and services as are required to be performed by legal counsel under Section 845 and he shall further be the legal adviser for all township officers, and no county or township officer shall have authority to employ any other counsel or attorney at law at the expense of the county,

except on the order of the county commissioners or township trustees according as the services engaged are to be rendered for a county or township board or officer, duly entered upon its journal, in which order the compensation to be paid for legal services shall be fixed; but this section shall not be construed to affect the provisions of sections 1271 and 7196 nor to prevent any board of township trustees or any school board from employing counsel to represent them; and such counsel, if employed by the township trustees, shall be paid from the township fund, and if employed by the school board, shall be paid from the school fund.''

Section 1271 referred to above applies to the appointment of general assistants to the prosecuting attorney, and Section 7196 refers to special assistants to the prosecuting attorney in criminal matters.

Section 3977, referred to above, originated in Section 69 of the act of May 1, 1873, 70 v. 215, and makes the prosecuting attorney the legal adviser and legal counsel of boards of education except to the city districts.

There is. no statute authorizing generally township trustees to sue and be sued, but there are many statutory provisions authorizing such suits as to particular matters, and such trustees have always been recognized as proper plaintiffs or defendants in suits for or against the township. *Howard* v. *Trustee,* 10 Ohio, 365—368.

Township trustees would therefore by necessary implication have power to employ counsel.

The statutes seem to have always recognized a difference between legal adviser and legal counsel; the former being charged with the giving of opinions and the latter with the prosecution and the defense of actions. This distinction was recognized in the earliest forms of Sections 845, 1274, 3862 and 3977, and is judicially recognized in the cases of *State of Ohio* v. *Stafford,* 11 D., 720 (8 N. P. 470); *State, ex rel,* v. *Taylor,* 3 N. P.—N. S., 505.

It might also be considered that the word "officer" includes officers and board where the context does not preclude such construction. Section 23, Revised Statutes; *Railroad* v. *County*

*Commissioners,* 56 O. S., pp. 1-7; *Barker* v. *State,* 69 O. S., pp. 68-71.

In order to ascertain the legislative intent expressed in Section 1274 as now amended and in force, it is necessary to understand the relative rights and duties of the county commissioners and prosecuting attorney, when such section was amended by making the prosecuting attorney the legal counsel of the commissioners and adding the inhibitory clause.

Prior to that time; to-wit, March 31, 1906, as will be seen from the history of Sections 845 and 1274, the prosecuting attorney was the legal adviser of the county commissioners and not their legal counsel.   The commissioners had the express power unconditionally to employ and compensate legal counsel, and such legal counsel if employed then became their legal adviser with many of the duties of the prosecuting attorney. The township trustees had by necessary implication the power to employ legal counsel and such power has always been recognized and exercised.   There was, therefore, no necessity on March 31, 1906, to give either the commissioners or trustees such power, and while the Legislature might again as to the county commissioners grant such power, unless the section reasonably construed does expressly grant such power, the Legislature would not be presumed to have done an unnecessary thing, especially when to so presume is in direct contradiction to the terms of the section which as to such employment of counsel are negative and not affirmative.

The amendment of Section 1274 constituting the prosecuting attorney the legal counsel of the county commissioners would negative or terminate any implied power of the county commissioners to employ such counsel at the expense of the county, but as Section 845 as then in force, 97 v. 304, expressly gave the commissioners this power, and was not repealed and must be considered with Section 1274 as amended, the express power so given can and should be construed as still existing, but existing only by virtue of the express terms of such Section 845. The amendment of Section 1274 constitutes the prosecuting attorney the legal adviser, but not the legal counsel of township

officers, and the implied power of the township trustees to employ counsel would remain unimpaired, except as affected by the prohibitory clause from which the Legislature considered it necessary and advisable to exempt the township trustees, but not the county commissioners. School boards are included in neither county officers or township officers, and the prosecuting attorney and city solicitor by Section 3977 are made both legal advisers and legal counsel of such boards; therefore, without the prohibition in Section 1274, if such clause is applicable to them, they were precluded from employing other counsel, and even as to such boards the saving clause could not be construed as a grant of power.

If the amended Section 1274 is construed as of the date of its passage in connection with Section 845 as then and continued in force, and therefore, in view of the existing continued and unconditional right of the commissioners to employ legal counsel, the express inhibitory clause of Section 1274 is then logically, either as inhibition or grant of power, inapplicable to any employment by the commissioners of legal counsel for themselves, and such right of employment being retained only by virtue of the express provision of Section 845, is governed by such section.

When, therefore, Section 845 was subsequently on May 9, 1908, amended so as to provide that such power could be exercised only upon the request of the prosecuting attorney, such request is a condition precedent to any employment of legal counsel by the county commissioners.

The statutes are in some cases tortuous and involved expressions of legislative intent; and the application of all the rules and aids to statutory construction is sometimes necessary to ascertain the legislative intent. Nevertheless, to say that when commissioners unconditionally had power to employ legal counsel, whose duty it was when employed to attend to all litigation and who received compensation therefor from public funds, the Legislature intended to provide for additional legal counsel for special cases by a statute, which in order to be so construed, must be read as if it read after providing that the

prosecuting attorney shall be the legal counsel of the county commissioners that "no board of county commissioners shall employ other legal counsel except on its own order," would be to attribute to the Legislature such tortuousness and contradiction in expression of ideas as can not be presumed except in the absence of any other reasonable construction. Even if the statutes so read, to find an affirmative grant of power in a conditional prohibition of its exercise would be in violation of the simplest rules of statutory construction. That the clause under consideration was intended to have a prohibitory effect only, is naturally inferred from the fact that in the same section the township trustees, who with equal right might claim thereby an affirmative grant of power instead of an inhibition as to its exercise, are expressly exempted from any inhibition in such section, while the county commissioners are not so exempted. The conditional inhibition as to employment of counsel was probably as inapplicable to township trustees as to county commissioners, and there was probably no reason or necessity for exempting township trustees therefrom; but if there was any necessity for exempting township trustees from the inhibition in order to preserve their right to employ counsel, there was the same reason for exempting the county commissioners, if their rights to employ counsel was intended to be preserved. As the county commissioners were not so exempted, the inhibition if applicable to them precludes them from employing counsel. It may be said that little weight can be given to such inferences, as the Legislature out of abundant caution frequently exempts from the operation of a statute subject-matter to which it is in no sense applicable.

If the saving clause as to township trustees is regarded as mere surplusage and unnecessary, and all inferences from the enactment of such saving clause be disregarded, the conditional inhibition as to employment of counsel, if inapplicable to township trustees, is also inapplicable to county commissioners either as a grant of power or as an inhibition to its exercise. The commissioners, therefore, have such powers to employ counsel, but such powers only as are given expressly or by necessary

implication in other sections and statutes. As the only section giving such powers of employment is Section 845, such powers must be exercised in accordance with such section, and since the amendment of such section, can only be exercised in accordance with the amendment. This amendment makes the request of the prosecuting attorney a condition precedent to the exercise of such power.

It is claimed that Section 845 applies only to legal counsel having all the general powers and duties referred to in said section, including many of the specific statutory duties of the prosecuting attorney; that said section as amended April 22, 1904, did not provide for special legal counsel, having only the ordinary powers of legal counsel employed for particular cases or particular officers and as then amended was intended to provide an officer or employer with the same powers and duties as the county solicitor, which office having been constitutionally questioned was abolished by the repeal of all acts pertaining thereto in the same act which so amended Section 845; that in Section 845 as now in force, until the prosecuting attorney requested the appointment of legal counsel under said section, no such legal counsel could be employed, and therefore, that said section may be totally disregarded, leaving Section 1274 alone to be construed; that Section 1274 although providing that the prosecuting atttorney should be the legal counsel of the commissioners and other county officers, and thereby by legal effect limiting the exercise of any implied power to employ legal counsel, in its qualifying and saving clause provides for exemption from or exception to such legal effect; that in the clause, "no county officer * * * shall have authority to employ any other counsel, etc., * * * except on the order of the county commissioners," etc., * * * the words "county officer" includes "county commissioner" and therefore as an express exception to the legal effect of the prosecuting attorney in the same section being made their legal counsel, permits the county commissioners by its own order to employ legal counsel for themselves; that such legal counsel unless employed upon the request of the prosecuting attorney would not come within

the provisions of Section 845 nor have the general powers and duties prescribed in said section, but could only have the right to represent the commissioners in litigation to which they were parties; that so construed, the preservation of power in said section as to a particular subject matter is not necessarily in conflict with Section 845 as then in force or as amended subsequently, which is applicable to a general subject matter.

This construction is supported by well recognized rules of construction, but ignores the fact that the preceding part of Section 1274 which affects equally county commissioners and other county officers, expressly uses the term "county commissioners and other county officers," and that in the clause in question, by the controlling power given to the commissioners over the acts of other county officers in the employment of counsel for the purpose of exercising such control, the county commissioners are segregated from all other county officers, and in the giving to the commissioners of this control over county officers, it necessarily follows that they were excluded from the class over which they were given control. The action of county commissioners under Sections 849 and 850 is as a board under the rules of parliamentary law, evidenced by its minutes or journal. When action by the commissioners upon any particular subject is prohibited by statute, can it be possible that the Legislature intended to except from such prohibition, action taken by the commissioners in the only way in which they can act? In other words, that the Legislature prohibited commissioners from making a contract unless they made such contract. Manifestly the commissioners can not claim a grant of power under Section 1274.

Much of the foregoing examination of statutes and consideration of the construction thereof, incidental only to the principal issue in this case, might have been omitted as unnecessary, and this case could have been decided as it is now in fact decided by construing Section 1274 as amended March 31, 1906, and now in force, in connection with Section 845 as in force on March 31, 1906, and then limiting such construction by the amendment of Section 845 on May 9, 1908, now in force.

In Section 1274, not only the terms used throughout the section but the relative duties imposed segregates county commissioners from all other county officers and precludes any legislative intent of a grant of power in the form of a merger in the commissioners of functions logically existing, only when possessed by different officers.

Such sections so construed charge the prosecuting attorney with the duty of acting as legal counsel of the county commissioners. As prosecuting attorney 'he receives a compensation from public funds for the performance of all duties. Before, therefore, other counsel can be employed at the expense of the county, authority so to do must be clearly given by the statutes. Neither the sections under consideration nor any other sections give such power, except upon request of the prosecuting attorney. There is not even a doubtful grant of such power, although to admit of a doubt would be to deny the existence of such power.

Nevertheless, as the prosecuting attorney does not allege any willingness or desire to understake the defense of the county commissioners in the Eberhardt suit for which Messrs. Ireton and Schoenle were employed by the county commissioners, although such willingness might be presumed from his official duty and the bringing of this suit, and the prosecuting attorney, by his demurrer presumptively admits that as new counsel, it would not be feasible, or as alleged, "possible" for him to take up the Eberhardt case at this point, and that the referee, Robert C. Pugh, before whom testimony has already been taken for many months, and whose standing in the community as a citizen and jurist entitle his recommendation to much weight, recommended to the commissioners that the continuance of the legal services of Messrs. Ireton and Schoenle was for the best interests of the county, it follows that the action of the county commissioners in so doing was in furtherance of public interests. Under such admitted facts the action of the county commissioners should not be declared illegal, except after a most careful investigation and consideration of every possible statutory construction under which they might have the necessary power.

Such investigation and consideration, in which the question has been viewed from every angle, leaves no doubt of the non-existence of the power of the county commissioners to make the contract, notwithstanding such contract was in furtherance of the interests of the county.

The demurrer to the answers will therefore be sustained.