## BOARD OF COM'RS OF ROGER MILLS COUNTY v. KING et al.

No. 19600. Opinion Filed Nov. 25, 1930.

Rehearing Denied Dec. 23, 1930.

W. H. Mouser, for plaintiff in error.

Wimbish & Wimbish, for defendants in error.

DIFFENDAFFER, C. I. M. King and John P. Crawford, partners in the practice of law, instituted suit in the district court of Pontotoc county against Allen Stanfield, the board of county commissioners of Pontotoc county, and the board of county commissioners of Roger Mills county, alleging that Mann Company, a corporation, recovered judgment against Pontotoc county for $8,600, and that after one-third of the judgment was paid, the judgment creditor sold and assigned the judgment without recourse to Allen Stanfield, which assignment was duly entered of record; that thereafter certain taxpayers of Pontotoc county instituted suit to vacate this judgment on the ground of fraud; that Allen Stanfield employed these plaintiffs to defend said action and agreed to pay them reasonable compensation therefor out of the judgment in case same were successfully defended; that plaintiffs successfully defended said action through the trial court and through this court on appeal; that after said attack on the judgment was finally adjudicated and the mandate spread of record, the board of county commissioners of Roger Mills county filed an assignment of said judgment, made to them by Allen Stanfield, which assignment was dated prior to the date the suit to vacate the judgment was instituted; that the filing of this assignment was the first notice these plaintiffs had of the claim of the board of county commissioners of Roger Mills county in and to the proceeds from the original Mann Company judgment. They further alleged that a reasonable compensation for their services was 15 per cent. of the $6,070 unpaid thereon at the time the suit to vacate was filed. They allege that the defendant board of county commissioners of Roger Mills county, Okla., well knew that while these plaintiffs were nominally representing the defendant Allen Stanfield, they were, in truth and in fact, representing its interest; that said board was kept posted and informed of all the steps of said litigation through the said Allen Stanfield, or his duly authorized agent. They further alleged that effort was being made to cause said judgment to be paid to the board of county commissioners of Roger Mills county, and unless restraining order was issued, the money would be disbursed and lost to the plaintiffs. They prayed that the defendant board of county commissioners of Pontotoc county be restrained from distributing said funds pending determination of this suit, and for judgment against Allen Stanfield and the board of county commissioners of Roger Mills county for the sum of $910.50, and for general equitable relief. Restraining order was issued. The board of county commissioners of Roger Mills county

filed answer, asserting its ownership of the judgment by assignment, denied that they had employed the plaintiffs or authorized their employment, and denied that they had any knowledge that they had been employed to defend the suit to cancel the judgment. They further asserted that Roger Mills county was not insolvent, so equity would not authorize the tying up of the money by this suit, and that there was no law authorizing Roger Mills county to employ a private attorney to represent it.

On trial to the court, a jury having been waived, judgment was entered in favor of the plaintiffs and against Allen Stanfield and board of county commissioners of Roger Mills county for the sum of $910.50, with interest thereon from date of judgment at six per cent., and the board of county commissioners of Pontotoc county was enjoined from paying $910.50 of the funds it had on hand to pay the Mann Company judgment to the board of county commissioners of Roger Mills county. Judgment for costs was entered against the plaintiffs. From this judgment, the board of county commissioners of Roger Mills county appeals.

The evidence clearly discloses that the plaintiffs had no knowledge of any interest or claim of the board of county commissioners of Roger Mills county in and to the Mann Company judgment prior to their successful defense of the action brought attacking that judgment. It also discloses that the board of county commissioners of Roger Mills county had no knowledge of the employment of the plaintiffs to defend this judgment, and that they did nothing which would authorize plaintiffs to appear and defend for it on its behalf.

However, in order to entitle a person to enforce a claim against a county, it is necessary that authorization therefor be found in the statutes. Board of Com'rs of Logan County v. State ex rel. Short, Atty. Gen., 122 Okla. 268, 254 Pac. 710; Schulte v. Board of Com'rs of Pontotoc Co., 122 Okla. 205, 253 Pac. 494; News-Dispatch Printing & Audit Co. v. Board of Com'rs of Le Flore Co., 112 Okla. 138, 240 Pac. 64; Board of Com'rs of Tulsa County v. Tulsa Camera Record Co., 103 Okla. 35, 228 Pac. 1103. There is no authority for board of county commissioners by specific contract to employ attorneys for it and such employment would be ultra vires and void.

It necessarily follows that if the board of county commissioners of a county could not make a valid contract of employment with an attorney so as to bind the county, a binding contract of such character could not be

implied from the conduct of the parties. Board of Com'rs of Logan County v. Thomas S. Jones, 4 Okla. 341, 51 Pac. 565; Board of Com'rs of Grant County v. Ridings, 100 Okla. 62, 227 Pac. 96; Schulte v. Board of Com'rs of Pontotoc County, supra. It therefore follows that no judgment for these attorneys' fees can be entered against the board of county commissioners of Roger Mills county. It is not necessary for us to consider the necessity for or failure of proof under the provision of section 3, chap. 106, Session Laws 1925.

This disposes of the appeal except for the contention made by defendants in error, in effect, that the board of county commissioners of Roger Mills county, having received and accepted the benefits of plaintiffs' services in sustaining the validity of the Mann judgment, is now estopped to contest the payment for such services out of the money provided by Pontotoc county for its payment. In this connection it may be observed that plaintiffs utterly failed to substantiate by proof their allegations to the effect that the board of county commissioners of Roger Mills county well knew that, while plaintiffs were nominally representing Stanfield, they were, in fact, representing its interest, and that said board was kept posted and informed of all the steps of the litigation through Stanfield, or his duly authorized agent. No evidence whatever was offered by plaintiffs along this line, and the undisputed evidence of defendant was that the board of county commissioners of Roger Mills county knew nothing whatever about the litigation involving the validity of its judgment until after its final termination, and perhaps after the filing of its assignment of the judgment to it in Pontotoc county. Plaintiffs cite a number of cases which seem to hold municipal corporations to the rule of estoppel, where they have received and accepted the benefits of an unenforceable, ultra vires contract. These cases are clearly not in point, since it is not claimed that there was a contract between the board of county commissioners of Roger Mills county and plaintiffs.

Plaintiffs make the further contention in support of the judgment and decree that plaintiffs had no notice of the assignment from Stanfield to the defendant, and therefore the assignment takes effect subject to the equities of plaintiffs which accrued after the assignment and before notice. This is, in substance, a claim of an equitable interest in the judgment superior to the rights of Roger Mills county. The action seems to have been brought and judgment rendered upon the theory that plaintiffs were entitled to a judgment against Roger Mills county. But conceding, without so holding, that there was no such change of theory as to prevent consideration of this contention, we will consider it as though made below.

Plaintiffs cite in support of this contention the rule announced in 15 R. C. L. p. 776. They say:

"It is a settled rule that a debtor is protected if without notice he pays the judgment to the assignor."

—and then quote from R. C. L. as follows:

"* * * And it has been said that down to the moment of notice, any contract which a debtor makes with his creditor, who has assigned his claim by which the debt is extinguished, either in whole or in part, is binding and valid against the assignee."

This, of course, may be taken as well settled, but the rule is not applicable here, for the reason that there is here no question between judgment debtor and judgment creditor. The payment by the judgment creditor to either claimant without notice is not involved. They then cite the rule that:

"Where successive assignments are made of a judgment, the assignee first giving notice may be preferred."

This, of course, means notice to the judgment debtor.

The record in this case clearly shows that the board of county commissioners of Roger Mills county obtained the assignment of the Mann judgment about March 27, 1923, some four months before suit was brought in Pontotoc county to cancel the judgment, and, of course, that long or longer before plaintiffs were employed by Stanfield to defend the judgment and out of which employment plaintiffs' claim arose. It also shows that plaintiffs acquired the interest in the judgment they claim and performed the services without any notice that Stanfield had long prior thereto assigned all his interest to the defendant Roger Mills county. In 34 C. J. 652, the general rule and exception thereto is stated as follows:

"Where a judgment is regularly assigned for value, the rights of the assignee are paramount to those of a subsequent attachment or execution creditor of the assignor, and the rightful assignee of a judgment may enjoin the collection of the same by one who claims the same judgment by a simulated assignment. But the assignee of a judgment takes no title if his assignor had previously assigned the same judgment to another party, whether or not he had notice of such previous assignment, except in those jurisdictions where priorities between assignments are determined in favor of the as-

signee who first gives notice of the assignment to the judgment debtor."

This state appears to be one of the jurisdictions coming within the exception where priorities of assignments are determined in favor of the assignee who first gives notice of his assignment to the judgment debtor. The rule seems to be well established in this state. Jack v. Nat. Bk. of Wichita, 17 Okla. 430, 89 Pac. 219; Market Nat. Bk. of Cincinnati v. Raspberry, 34 Okla. 243, 124 Pac. 758; Keys v. Ponder, 118 Okla. 234, 226 Pac. 73; Citizens Nat. Bk. of Chickasha v. Mitchell, 24 Okla. 488, 103 Pac. 720; the latter case being one involving assignments of a judgment.

There is not a suggestion in the record, and plaintiffs do not contend in their brief, that they gave notice to the judgment debtor of their alleged equitable assignment of an interest in the judgment prior to the notice given by Roger Mills county. The record discloses that, sometime in the spring of 1926, defendants spoke to one member of the board of county commissioners of Pontotoc county concerning the payment of the Mann judgment. Sometime about July, 1926, defendant mailed a copy of its assignment to one of the members of the board of Pontotoc county. This was returned to the county attorney of Roger Mills county, who thereafter prepared a certified copy of the judgment and assignment and mailed it to the clerk of Pontotoc county. This was, of course, long after plaintiffs had performed the services under their agreement with Stanfield, but plaintiffs had never notified the officers of Pontotoc county, or any one of them, of their claim of an interest in the judgment. So far as the record discloses, no notice whatever was given the judgment debtor until the filing of the suit in the instant case. The record clearly shows that the officers of Pontotoc county had notice of defendant's assignment prior to that time. Plaintiff King testified that, after the mandate from the Supreme Court in the funding proceedings was spread of record in the district court of Pontotoc county, and funds were in the hands of the county treasurer of Pontotoc county with which to pay the Mann judgment, he went over to get a settlement, and was informed that the assignment to Roger Mills county had been filed. He did not testify that at that time he notified the board of county commissioners of Pontotoc county of plaintiffs' claim.

The record clearly discloses then that when plaintiffs first notified the judgment debtor, or when plaintiffs attempted to get a settlement from Pontotoc county, the judgment debtor had already been notified of

the assignment of the judgment to Roger Mills county. Then, applying either the general rule that the assignee of a judgment takes no title if his assignor has previously assigned the same judgment to another, or the exception thereto recognized in this jurisdiction, that priorities between assignments are determined in favor of the assignee who first gives notice to the judgment debtor, the rights of Roger Mills county in and to the judgment, including the fund provided for its payment, are superior to those of plaintiffs. The judgment and decree against the board of county commissioners of Roger Mills county should be, and is hereby reversed, with directions to enter judgment in favor of said defendant and dissolve the injunction against the board of county commissioners of Pontotoc county.

TEEHEE, HERR, HALL, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 32 A. L. R. p. 1021; 15 R. C. L. p. 776; R. C. L. Perm. Supp. p. 3988.