## PROTEST OF ST. LOUIS-S. F. R. CO.
## PROTEST OF CHICAGO, R. I. & P. R. CO.
## PROTEST OF ATCHISON, T. & S. F. R. CO.
### Nos. 25553, 25554, 25555.  Dec. 11, 1934.

Fred E. LaRue, Co. Atty., and Meacham, Meacham & Meacham, for plaintiffs in error.

J. W. Jamison and Cruce, Franklin & Satterfield, for defendants in error,

WELCH, J.  This is an appeal from the judgment of the Court of Tax Review upon the protest of the St. Louis-San Francisco Railway Company (No. 25553), and has been consolidated with a similar protest of the Chicago, Rock Island & Pacific Railway Company (No. 25554), and Atchison, Topeka & Santa Fe Railway Company (No. 25555), wherein the said railway companies protest portions of the sinking fund levy of Custer county, Okla., for the fiscal year beginning July 1, 1933, and ending June 30, 1934. The Court of Tax Review sustained the protests upon the theory that the following judgments theretofore rendered against the board of county commissioners of said county were illegal and void on the face of the judgment roll. The judgments involved are listed as follows:

Number 4102, Rogers v. Board of County Commissioners; Number 4103, Rogers v. Board of County Commissioners; Number 4104, Rogers v. Board of County Commissioners; Number 4119, Sunnyside Hospital v. Board of County Commissioners; Number 4260, Rogers v. Board of County Commissioners; Number 4261, Rogers v. Board of County Commissioners; Number 4399, Parker v. Board of County Commissioners.

The issue presented is whether or not the judgments in question are void on the face of the judgment roll.

The suits resulting in those judgments were all based upon medical and hospital services alleged to have been furnished various persons by the plaintiff in each case at the request of the board of county commissioners of said county. The petitions contained allegations to the effect that the claims for the services in each case were within the limits of the unexpended balance of appropriations for that purpose.

It is contended, and the Court of Tax Review so held, that the judgments were void because the petitions failed to show that the persons for whom the services were performed were residents of Custer county. The case of Board of County Commissioners of Carter County v. Dowdy & Shivers, 133 Okla. 9, 270 P. 836, is relied upon. It is pointed out in the brief of the plaintiff in error that there was attached to the petitions a copy of the claim against the county for the services performed; that such copies were attached as exhibits and made a part of the petitions, and that these claims in most instances gave the addresses of the persons for whom the service was performed as being cities and towns located in Custer county. It is also shown that in each instance where the address was not specifically given the petition contains an allegation that the services were duly authorized by the board of county commissioners. It is our opinion that the petitions in this regard are not fatally defective so as to render the judgment void on the face of the judgment rolls. It is a logical presumption that one's address is the place of his residence, particularly under the circumstances here. Furthermore, the petitions allege that the board of county commissioners specifically authorized the services. It is readily presumed that the board of county commissioners did not deliberately violate its duty by specifically authorizing medical attention to be given nonresidents of the county at the county's expense.

In the Dowdy & Shivers Case. supra, this court held in the syllabus as follows:

"In an action for the recovery of medical services performed for poor persons under

the authority of sections 8211, 8212, and 8213, C. O. S. 1921, it is necessary to allege and prove that the persons for whom the services were performed were lawfully settled in the county sought to be held liable therefor, or that the relief was temporary for persons not settled therein, and was actually necessary pending the ascertainment of their legal settlement and removal thereto."

However, that case was considered on direct appeal where the judgment in the case was attacked directly. In that case the judgment rendered was reversed, because the evidence failed to show that the persons considered were residents of Carter county. The gist of the decision was that upon direct appeal from a judgment, the failure to prove an essential fact was fatal to the plaintiff's right to sustain the judgment. That is far different from holding, as the protestant here contends, that the mere failure to allege a material detail of the cause of action must be held to go to the jurisdiction of the court, and must be held to render the judgment void and subject to collateral attack. In re Protest of the Gulf Pipe Line Co., decided April 24, 1934, 168 Okla. 136, 32 P. (2d) 42, this court held, in substance, that the mere omission from a petition of a fact which should have been pleaded does not necessarily render a judgment based thereon void for lack of jurisdiction to render the judgment, and subject to collateral attack in a tax protest proceeding. That statement of the rule in the Gulf Pipe Line Case, supra, is supported by the prior decisions of this court in Welch v. Focht, 67 Okla. 275, 171 P. 730, and McDougal v. Rice, 79 Okla. 303, 193 P. 415. Nor is the statement of the rule contrary to the decisions of this court in Re Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485, and Excise Board of Carter County v. Chicago, Rock Island & Pacific Railway Co., 152 Okla. 120, 3 P. (2d) 1037. In the two last cited cases the facts were that not only was there no cause of action stated in the petition, but no cause of action could have been stated upon the claims sued upon, all of which clearly and affirmatively appeared. In the case of Protest of Carter Oil Co., supra, there was no allegation in the petition that any appropriation had ever been made for the purpose, nor was there any available appropriation for the purpose, while as to the judgments under consideration in this case, it is noted that each of the petitions alleges that an appropriation for the purpose was made, and that the claim sued upon was within the limits of the then unexpended balance of such appropriation. In the Car-

ter Oil Co. Case, supra, the judgments considered were held to be void, but an examination of that opinion clearly indicates the features distinguishing that case from the case at bar.

In Excise Board of Carter County v. Chicago Rock Island & Pacific Railway Co., supra, it was held in paragraph 2 of the syllabus as follows:

"A judgment entered upon a petition which not only fails to state a cause of action upon a claim against a county, or other municipality, but affirmatively shows that no cause of action can be stated upon such claim, is void upon the face of the judgment roll and subject to collateral attack in the Court of Tax Review."

And in the body of the opinion, this court, speaking through Mr. Justice Riley, said:

"In the instant case the petitions upon which the judgments were taken not only failed to state that there was an appropriation but affirmatively alleged that no appropriation was ever made. * * *"

In that case the judgments under consideration were held to be void, but the foregoing quotations distinguished that case from the one at bar. In the body of the opinion in that case there occurred also this language:

"If the judgments in question are fair and valid on the judgment roll, we are inclined to agree with the contention that they cannot be successfully attacked collaterally in proceedings of this nature. * * *"

Defendants contend further that, although there are allegations in the petition to the effect that the claims presented were within the limits of unexpended appropriations, the exhibits attached to the petition disclose on their face that the claims were disallowed because of lack of funds. They urge that this negatives the allegations in the petition. The point is not well taken, because if it were true that at the time the claims were disallowed there were no funds or unexpended appropriations for the payment thereof, it does not necessarily follow that there was no unexpended appropriation in the fund at the time of the creation of the liability, which is the criterion. Huddleston v. Board of County Commissioners, 8 Okla. 614, 58 P. 749; Fairbanks v. City of Sulphur, 62 Okla. 10, 161 P. 811; School District v. Home Lumber Co., 97 Okla. 72, 221 P. 433; Gentis v. Hunt, 121 Okla. 71, 247 P. 358; Town of Covington v. Antrim Lumber Co., 123 Okla. 129, 252 P. 50; Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15.

Protestants contend, further, that the judgments are void because the defendants' answer in each case consisted only of a general denial coupled with an admission of the qualifications of the plaintiff, and admitted the fact that the defendants were the regularly elected and acting board of county commissioners. They cite Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485. It cannot be said in this case that the answer did not raise an issue, nor that it amounted to a confession of judgment. In so far as we are able to observe from the record, such answer raised any issue which might properly have been raised. In the Carter Oil Company Case, supra, there was no appropriation made. It was apparent there that the officers of the municipality deliberately failed to assert an obvious defense in the answer, a defense which was known to the officers, and which clearly stood as a bar to plaintiff's recovery. No such condition is shown in reference to the judgments here considered. Nor is there anything shown to indicate any lack of diligence on the part of the county officials in contesting the actions which resulted in the rendition of these judgments, nor anything to show any confessions of judgment as did appear in reference to the judgments considered by this court in the Gypsy Oil Co. Case, 141 Okla. 291, 285 P. 67. We find no merit in this contention, and conclude that the judgments here under consideration are not void on the judgment roll so as to be subject to collateral attack in this proceeding.

Plaintiffs in error raise other questions which they present as further reasons for reversing the judgment of the Court of Tax Review herein, but, in view of our conclusion above stated, it becomes unnecessary to consider the other questions.

The cause is remanded to the Court of Tax Review, with directions to render judgment overruling the protests of the defendants in error.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and OSBORN, JJ., concur.