## LOWDEN et al. v. STEPHENS COUNTY EXCISE BOARD.

No. 26934.  May 5, 1936.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiffs in error.

J. W. Marshall, Co. Atty., and J. G. Clift, Atty. for Board of Education, for defendant in error.

WELCH, J. This appeal questions the act of the county excise board in apportioning the maximum millage rate of levy to the county and to the cities, towns, and school districts of the county. Here the board made the apportionment to school districts by a classification of the school districts ·according to the assessed valuation of the property of the districts. The protest questioning the authority of the excise board to so act was denied.

In St. Louis-S. F. Ry. Co. v. Tulsa County, 171 Okla. 180, 42 P. (2d) 537, we considered a similar question, and following Atchison, T. & S. F. Ry. Co. v. Excise Board of Washington County, 168 Okla. 619, 35 P. (2d) 274, we held that a county excise board does have authority to so apportion the maximum millage rate under the 1933 amendment to section 9, article 10, of the Constitution. Those decisions are controlling here and direct us to an affirmance of the judgment of the Court of Tax Review.

We deem additional discussion unnecessary further than to say that no good reason is shown why the excise board should not continue to have and exercise this authority of apportionment "until such time as the regular apportionment is otherwise provided for by the Legislature," as that authority is granted by the amendment above cited. (The quotation is from the amendment itself and from the two former decisions cited.)

The judgment of the Court of Tax Review denying the protest is affirmed.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and CORN, JJ., concur. GIBSON, J.. dissents. McNEILL, C. J., absent.